Oscar Stilley, Attorney at Law Central Mall Plaza Suite 516 5111 Rogers Avenue Fort Smith, AR 72903-2041
Dear Mr. Stilley:
I am writing is in response to your request for certification, pursuant to A.C.A. § 7-9-107 (Repl. 1993), of the following popular name and ballot title for a proposed amendment to the Arkansas Constitution:
 (Popular Name) AN AMENDMENT TO ALLOW CLASS COUNSEL A REASONABLE FEE IN MERITORIOUS LITIGATION BEFORE THE ARKANSAS PUBLIC SERVICE COMMISSION, WHERE A RECOVERY IS OBTAINED FOR THE BENEFIT OF UTILITY RATE PAYERS, AND FOR OTHER PURPOSES
 (Ballot Title) AN AMENDMENT TO THE ARKANSAS CONSTITUTION PROVIDING THAT HENCEFORTH, IN MERITORIOUS CLASS LITIGATION BEFORE THE ARKANSAS PUBLIC SERVICE COMMISSION, WHERE CLASS COUNSEL OBTAIN A RECOVERY ON BEHALF OF THE UTILITY RATEPAYERS, THE ARKANSAS PUBLIC SERVICE COMMISSION SHALL AWARD THE COUNSEL FOR THE CLASS A REASONABLE PERCENTAGE OF ANY COMMON FUND RECOVERED, SUFFICIENT TO ENCOURAGE COMPETENT COUNSEL TO ACCEPT AND VIGOROUSLY PROSECUTE SUCH CASES ON BEHALF OF UTILITY RATE PAYERS; PROVIDING FOR LIBERAL CONSTRUCTION, SEVERABILITY, AND GENERAL REPEALER OF CONFLICTING LAWS; PROVIDING THAT THE AMENDMENT SHALL BE SELF-EXECUTING AND EFFECTIVE IMMEDIATELY, AND FURTHER PROVIDING THAT THE PROVISIONS OF THIS AMENDMENT SHALL APPLY TO ALL ACTIONS BROUGHT TO JUDGMENT AFTER THE DATE OF PASSAGE OF THIS AMENDMENT, PROVIDED THAT A NEW TRIAL IS NOT NECESSARY TO DEVELOP FACTS NECESSARY FOR THE APPLICATION OF THIS AMENDMENT TO THE JUDGMENT; AND FOR OTHER PURPOSES.
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, if he can do so, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition.
A.C.A. § 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, or concerning the likelihood that it will accomplish its stated objective. Consequently, this review has been limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, discussed below, of whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed amendment.
The purpose of my review and certification is to ensure that the popular name and ballot title honestly, intelligibly, and fairly set forth the purpose of the proposed amendment. See Arkansas Women's Political Caucusv. Riviere, 282 Ark. 463, 466, 677 S.W.2d 846 (1984).
The popular name is primarily a useful legislative device. Pafford v.Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions that might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741
(1976); Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining the ballot title's sufficiency. Id.
The ballot title must include an impartial summary of the proposed amendment that will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185 (1958); Beckerv. Riviere, 270 Ark. 219, 223, 226, 604 S.W.2d 555 (1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen, 318 Ark. 277, 285, 884 S.W.2d 938 (1994), citing Finn v. McCuen, 303 Ark. 418, 798 S.W.2d 34 (1990); Gaines v.McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988); Hoban v. Hall, supra; andWalton v. McDonald, 192 Ark. 1155, 97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see A.C.A. §7-9-107(b)); otherwise voters could run afoul of A.C.A. § 7-5-522's five minute limit in voting booths when other voters are waiting in line.Bailey v. McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Plugge v.McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring. Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law. Christian Civic Action Committee v. McCuen,318 Ark. 241, 884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v.McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citing Leigh v. Hall,232 Ark. 558, 339 S.W.2d 104 (1960).
Having analyzed your proposed amendment, as well as your proposed popular name and ballot title under the above precepts, it is my conclusion that I must reject your proposed popular name and ballot title due to ambiguities in the text of your proposed measure. A number of additions or changes to your popular name and ballot title are, in my view, necessary in order to more fully and correctly summarize your proposal. I cannot, however, at this time, fairly or completely summarize the effect of your proposed measure to the electorate in a popular name or ballot title without the resolution of the ambiguities. I am therefore unable to substitute and certify a more suitable and correct ballot title and popular name pursuant to A.C.A. § 7-9-107(b).
The following ambiguities must be clarified in your measure before I can perform my statutory duty:
 1. Your proposal, in Section 1, requires the Public Service Commission to award attorneys fees to lawyers who succeed in creating a common fund recovery on behalf of utility ratepayers. Your proposal is framed as a constitutional amendment, and is presumably crafted to reverse the decision in Brandon v. Arkansas Public Service Commission, 67 Ark. App. 140, 992 S.W.2d 834 (1999) on this point. A question arises, in my judgment, as to whether the judicial branch's general power of review of Commission orders will apply to the PSC's award of attorneys fees under your amendment. Ordinarily, orders of the Commission are reviewable by the Court of Appeals. See e.g., A.C.A. § 23-2-423 (Supp. 1999). Because your proposal contains a mandatory requirement in this regard in a constitutional amendment and does not mention review by the judicial branch, a question arises as to the judicial review of such a decision.
 2. Your proposal, in Section 2, uses the word "judgment" in defining the amendment's effective date. Your amendment states that in addition to being effective immediately, the amendment "shall apply to all actions brought to judgment after the date of passage of this amendment. . . ." The use of the word "judgment" is somewhat ambiguous. Final action by the Public Service Commission in this regard is usually referred to as an "order." It is unclear from a reading of this provision, therefore, whether it refers to a final decision of the Commission or of a judicial tribunal.
Unless the foregoing ambiguities are resolved, I will be unable to summarize your proposed amendment effectively.
My office, in the certification of ballot titles and popular names, does not concern itself with the merits, philosophy, or ideology of proposed measures. I have no constitutional role in the shaping or drafting of such measures. My statutory mandate is embodied only in A.C.A. § 7-9-107
and my duty is to the electorate. I am not your counsel in this matter and cannot advise you as to the substance of your proposal.
At the same time, however, the Arkansas Supreme Court, through its decisions, has placed a practical duty on the Attorney General, in exercising his statutory duty, to include language in a ballot title about the effects of a proposed measure on current law. See, e.g., Finnv. McCuen, 303 Ark. 418, 793 S.W.2d 34 (1990). Where the effects of a proposed measure on current law are unclear or ambiguous, it is impossible for me to perform my statutory duty to the satisfaction of the Arkansas Supreme Court without clarification of the ambiguities.
My statutory duty, under these circumstances, is to reject your proposed ballot title, stating my reasons therefor, and to instruct you to "redesign" the proposed measure and ballot title. See A.C.A. §7-9-107(c). You may, after clarification of the matter discussed above, resubmit your proposed amendment, along with a proposed popular name and ballot title, at your convenience. I anticipate, as noted above, that some changes or additions to your submitted ballot title may be necessary. I will be pleased to perform my statutory duties in this regard in a timely manner after resubmission.
Sincerely,
MARK PRYOR Attorney General
MP:/cyh